## Umholtz v. Umholtz

*William R. Cameron, Jr.,* for plaintiff.
*Smith & Mountenay,* for defendant.

RUBIN, J., May 10, 1957.—This case is before the court on plaintiff's motion for judgment on the plead-

ings. Plaintiff, Jean B. Umholtz, filed a complaint in assumpsit, later amended, wherein she seeks to recover the sum of $640 for the support of two minor children from her husband, Harvey B. Umholtz, defendant. Her claim is based upon a written agreement between the parties, a copy of which is attached to the amended complaint. The agreement recites that the parties are separated, that they are desirous of settling their disputes concerning their property rights, the support of the wife and the custody and support of their two children.

The paragraphs of the agreement pertinent to this action provide, in part, as follows:

"11. Upon the effective date of this agreement, husband agrees to pay to wife for the support of their daughter, Nancy, the sum of $100.00 per month, until Nancy shall become twenty-one years of age or shall become self-supporting or shall marry, whichever event shall first occur. Husband further agrees to pay the premiums on a certain Life Insurance Policy in the face amount of $1,000.00 on the life of Nancy. Husband further agrees to pay hospitalization insurance for Nancy, and to resume all hospital bills and extraordinary medical and extraordinary dental expenses for Nancy, provided husband approves of the same. In the event that Nancy desires to attend college away from home, husband agrees to pay her tuition, board, clothing and reasonable allowance, and during the months said sums are paid by husband, the foregoing support payments of $100.00 per month for Nancy are to be suspended. . . .

"12. Upon the effective date of this agreement, husband agrees to pay to wife for the support of their son, George, the sum of $100.00 per month, until George shall become twenty-one years of age, or shall become self-supporting; whichever event shall first occur. Husband further agrees to pay the premiums on a certain

Life Insurance Policy, in the face amount of $5,000.00 on the life of George. Husband further agrees to pay hospitalization insurance for George and to assume all hospital bills and extraordinary medical and dental expenses for George, provided husband approves of the same. In the event that George desires to attend college away from home, husband agrees to pay his tuition, board, clothing and reasonable allowance, and during the months said sums are paid by husband, the foregoing support payments of $100.00 per month for George are to be suspended.. . . ."

Plaintiff avers that defendant, during the summer months of 1955, wrongfully refused to pay to her the sums of $100 per month for the support of each child and in addition failed to pay an extraordinary dental expense in the amount of $40. Defendant, in his answer, admits that he did not make the payments and under new matter avers that his son George Umholtz, then 16 years of age, was employed by Sommer Maid Dairy from June 16, 1955, until August 25, 1955, during which time he earned net wages in the amount of $458.76 and therefore was self-supporting during that period. He further avers that from the middle of June, 1955, to July 31, 1955, his daughter Nancy, then 18 years of age, was gainfully employed by the Bucks County Council of Girl Scouts, Inc., as a camp counselor, and that therefore, Nancy Umholtz was self-supporting during that period.

It was orally agreed by counsel at argument that the summer months referred to in the complaint were the months of June, July and August of 1955 and that the earnings of Nancy during the period from the middle of June to July 31, 1955, were approximately $35 per week. It was further agreed that Nancy returned to college as a sophomore and George returned to high school as a senior in September of 1955 and that thereafter defendant continued to make the support pay-

ments. By stipulation of counsel filed of record, the claim for $40 for extraordinary dental expenses was withdrawn and it was also stipulated that defendant paid to plaintiff the sum of $50 on June 10, 1955, and the sum of $100 on August 31, 1955, a total of $150, for the support of Nancy Umholtz, thereby reducing the amount demanded in the amended complaint from $640 to $450 of which $300 is for the support of George Umholtz and $150 is for the support of Nancy Umholtz for the months of June, July and August of 1955.

The question posed in this case is: Does the agreement contemplate that the gainful employment of the minor children for a part of their summer school vacation renders them self-supporting so as to entitle defendant to suspend the support payments provided for therein during the period of such employment?

We are here concerned with the interpretation of the provisions of a written agreement made for the benefit of the minor children of the parties. In construing such an agreement we should adopt that interpretation which, under all the circumstances of the case, ascribes the most reasonable, probable and natural conduct to the parties, taking into account the object manifestly to be accomplished, and we should construe it most strongly against the party on whom the obligation rests. Compare Weigand v. Weigand, 349 Pa. 517, 520. To answer the question which we have stated above, we will apply the foregoing principles of interpretation.

Defendant obligated himself to support both his children *until* they shall become 21 years of age or shall become self-supporting and as to Nancy, until she shall marry, whichever event shall first occur. The only interim qualification of this obligation is the proviso for the suspension of the support payments during the months that either child or both children attend college away from home. Notwithstanding that the

support payments are temporarily suspended in such case, the obligation of defendant to support his children still continues, the payment of tuition, board, clothing and reasonable allowance being in lieu of the support which he would pay if the children were living at home.

We are of the opinion that the phrase "until (George or Nancy or both) shall become self-supporting" read in the context of the agreement means until the children are making their own living or have taken permanent positions and have become emancipated, in which event defendant's obligation to support his children would cease. Compare Alford v. Alford, 55 Ga. App. 338, 190 S. E. 402. The word "until", as used in the agreement in the instant case, means up to a certain time or event; it is a term, not a condition. It fixes a definite term during which support is to be paid by defendant.

We think it would be a strained construction of this agreement, which has for one of its principle provisions the support and maintenance of the children by the father-defendant during their minority while attending school and college, to hold that defendant is relieved from his obligation to make the support payments for such periods of time as the children might be gainfully employed during the summer months while on vacation from school. Had the parties intended that the support payments were to be temporarily suspended while the children might be gainfully employed during the summer school vacation, they would have so provided in the agreement. There is no provision whatsoever for such temporary suspension of the support payments. We cannot rewrite the agreement; we can only construe it as it is written. For reasons above stated we conclude that plaintiff is entitled to judgment.

*Order*

And now, to wit, May 10, 1957, at 10 a. m., it is ordered and decreed that judgment be entered in favor of plaintiff and against defendant in the sum of $450.